

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARLOS PACHECO § | |
| *Plaintiff* § | |
| § | |
| vs. § | SA-02-CA-1087 |
| § | JURY DEMAND |
| NORMAN MINETA, SECRETARY OF § | |
| TRANSPORTATION, FEDERAL AVIATION § | |
| ADMINISTRATION and WARREN MEEHAN § | |
| *Defendants* | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Carlos Pacheco, Plaintiff herein and files this his Plaintiff's Second Amended Original Complaint, complaining of Norman Mineta, Secretary of Transportation, Federal Aviation Administration (hereinafter referred to as "FAA") and Warren Meehan, Defendants herein and would show the court as follows:

I.

### PRELIMINARY STATEMENT

1. This is an action brought against the Federal Aviation Administration and Warren Meehan to redress violations of his civil rights, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) et seq, as amended by the Civil Rights Act of 1991. Plaintiff also brings this action against Warren Meehan individually, to redress violations of his rights to free speech and equal protection of the law as guaranteed by the United States Constitution, pursuant to 42 U.S.C. §1983.

2. Plaintiff filed a charge of discrimination and/or retaliation which has been investigated by the Agency and/or the Equal Employment Opportunity Commission (hereinafter, "EEOC") for more than

Exhibit "A"

180 days. Plaintiff has not yet received a final agency decision on his charge of discrimination. Plaintiff has exhausted his administrative remedies as required.

## PARTIES

3.   Plaintiff, Carlos Pacheco, is a resident of Corpus Christi, Nueces County, Texas.

4.   Defendant, Norman Mineta, as Secretary of Transportation, Federal Aviation Administration, a federal agency, and has filed an answer herein. No service is necessary.

5.   Defendant Warren Meehan, is an individual residing in Corpus Christi, Nueces County, Texas, and has filed an answer herein. No service is necessary.

## JURISDICTION and VENUE

6.   This court has jurisdiction of the claims and causes of action asserted on the basis of federal question jurisdiction, and because Defendant FAA is an agency of the United States.

7.   Venue is proper in the District Court, Western District of Texas, San Antonio Division.

## STATEMENT OF FACTS

8.   Plaintiff is an employee of Defendant, Federal Aviation Administration, in Corpus Christi, Nueces County, Texas. Plaintiff applied for a supervisory position in Corpus Christi, Texas pursuant to vacancy announcement ASW-AT-00-078. Plaintiff was qualified for the job, and was advised by memorandum dated February 28, 2000 that although he was among the pool of highly qualified applicants, another applicant was selected. Defendant Meehan was the selecting official, and the stated reasons for non-selection of Plaintiff are merely pretext for intentional discrimination on the basis of Plaintiff's race, Hispanic. Plaintiff timely filed a complaint of discrimination regarding his non-selection for this supervisory position, on the basis that he was discriminated against because of his race, Hispanic.

9. Plaintiff again applied for a supervisory position in Corpus Christi, Texas pursuant to vacancy announcement ASW-AT-00-200-50538. Plaintiff was qualified for the job, and once again was notified by memorandum dated August 24, 2000 that although he was among the qualified applicants, another applicant was selected. Again, Defendant Meehan was the selecting official, and he knew that Plaintiff had filed a complaint alleging unlawful discrimination at the time that he selected a far less qualified applicant over the Plaintiff for a second time.

10. Plaintiff applied for supervisory positions on two separate occasions, and was clearly qualified in all respects. Plaintiff was not selected for either position, and the individuals selected on both occasions were Anglo male, and both had substantially inferior qualifications as compared to Plaintiff. Plaintiff asserts that Defendant Meehan's stated reasons for not selecting Plaintiff for the ASW-AT-00-078 position is a pretext for intentional discrimination on the basis of Plaintiff's race, Hispanic. Plaintiff asserts that Defendant Meehan's stated reasons for not selecting Plaintiff for the ASW-AT-00-200-50538 position is a pretext for retaliation in violation of his First Amendment Rights to the United States Constitution. Plaintiff's prior charge of discrimination alleging discrimination on the basis of race is speech involving a matter of public concern, unlawful discrimination. The law is clearly established that a public employee can not be retaliated against for speaking out about matters of public concern. Defendant Meehan knew or should have know that denying Plaintiff a supervisory position in retaliation for his exercise of free speech for filing a charge of discrimination violates Plaintiff's rights guaranteed by the United States Constitution.

11. Alternatively, and without waiving the foregoing, the selection process utilized by Defendants disparately impacts Plaintiff on the basis of his race, Hispanic.

12. During October 2001, Plaintiff was diagnosed with carpel tunnel syndrome, and directed by

his physician not to write as a condition of his work status. Plaintiff notified Defendant Meehan during October 2001 of his medical diagnosis, and that he had been given work restrictions by his physician. Plaintiff requested light duty or administrative leave, but was told by Defendant Meehan that none was available. However only a few months later beginning January 2002 an Anglo employee, John Hamilton was allowed to work light duty or in an administrative capacity for approximately a year after he was given work restrictions due to medical necessity; and on or about June 2002 another Anglo employee, David Rousson was allowed to work light duty or in an administrative capacity for approximately six months after he was given work restrictions due to medical necessity. Plaintiff was forced to utilize his own sick leave and vacation leave, and then to avoid using all his leave, Plaintiff returned to work prior to his physician's recommendation, and had to utilize a rubber band around his fingers in order to be able to write while working.

13. Defendant Meehan treated Plaintiff differently than other employees under the same or similar circumstances and there was no rational basis for the difference in treatment. The law is clearly established that public employees cannot be treated differently under the same or similar circumstances unless there is a rational basis for the difference in treatment. Defendant Meehan knew or should have known that denying Plaintiff light duty or administrative work when other employees were allowed to work light duty or perform administrative work under the same or similar circumstances violates Plaintiff's right to equal protection of the law in violation of the United States Constitution.

## CAUSES OF ACTION

14. Plaintiff incorporates the above and foregoing as if set out fully herein.

15. Plaintiff alleges intentional discrimination on the basis of his race, Hispanic in violation of

Title VII of the Civil Rights Act, in connection with the supervisory position he was denied on or about February 2002. Plaintiff was qualified for the position, yet a substantially less qualified Anglo applicant was selected over the Plaintiff. Defendants' stated reasons for not selecting Plaintiff are merely pretexts for intentional discrimination on the basis of race, Hispanic. In the alternative, Plaintiff alleges that the selection process utilized by Defendants disparately impacts Plaintiff on the basis of his race, Hispanic. The application and selection process utilized by the Defendant disparately impacts Plaintiff in that Hispanic applicants in the Southwest Region of the Federal Aviation Administration are disproportionately not selected for supervisory and management positions as compared to Anglo applicants.

16.   Plaintiff alleges retaliation in violation of his First Amendment rights guaranteed by the United States Constitution pursuant to 28 U.S.C. 1983 in connection with the supervisory position he was denied on or about August 2002. Plaintiff's charge of discrimination regarding the prior supervisory position constitutes speech involving matters of public concern, unlawful discrimination. Defendant Meehan's stated reasons for not selecting Plaintiff for the supervisory position during August 2002 are merely pretexts for intentional retaliation in violation of Plaintiff's rights to free speech guaranteed by the United States Constitution.

17.   Plaintiff alleges violations of his equal protection rights guaranteed by the United States Constitution pursuant to 29 U.S.C. 1983 in connection with the denial of light duty or administrative work status. Defendant Meehan has treated Plaintiff differently than similarly situated employees without any rational basis for the difference in treatment, in violation of the equal protection guarantees of the United States Constitution.

PRAYER FOR RELIEF

18. PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY

19. WHEREFORE, Plaintiff prays that upon final trial he recover all compensatory damages allowed by statute for the violations alleged, for his costs and attorney fees, and for such other and further relief to which he may be justly entitled.

Signed this the 17th day of June, 2003.

                              Respectfully submitted,

                              LAW OFFICE OF REGINA BACON CRISWELL
                              Carriage Place
                              P. O. Box 1399
                              Helotes, Texas 78023-1399
                              TELEPHONE: (210) 543-8940
                              FACSIMILE: (210) 543-9489

                              By:_____
                              REGINA BACON CRISWELL
                              State Bar No. 01496580

                              ATTORNEY FOR PLAINTIFF

OF COUNSEL:

René Rodriguez
**LAW OFFICES OF RENÉ RODRIGUEZ**
433 South Tancahua
Corpus Christi, Texas 78401
TELEPHONE: (361) 882-1919
FACSIMILE: (361) 882-2042
State Bar No.17148400

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and forgoing will be served on the persons listed below in accordance with the Federal Rules of Civil Procedure.

Robert Shaw-Meadow  By Hand Delivery
Assistant U.S. Attorney
Department of Justice
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

REGINA B. CRISWELL