

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS PACHECO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. SA-02-CA-1087-RF |
| | § | |
| NORMAN Y. MINETA, | § | |
| SECRETARY OF THE | § | |
| UNITED STATES DEPARTMENT | § | |
| OF TRANSPORTATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S BILL OF COSTS**

TO THE HONORABLE W. ROYAL FURGESON, UNITED STATES DISTRICT JUDGE:

1.  On May 23, 2006, Defendant filed its Bill of Costs in this case in the amount of $2,830.45, upon remand by the Fifth Circuit of Appeals and after attempting unsuccessfully to resolve this sole remaining issue by agreement with Plaintiff's counsel.

2.  With the imperfect hindsight of a litigant who lost in the District Court and on appeal to the Fifth Circuit, in his June 6 Objections,[1] Plaintiff now challenges only two items contained in the Bill of Costs – court reporter fees for the preparation of two transcripts. The first transcript ordered by Defendant was of the two-day trial of the **Boyd v. Mineta** case in the Southern District of Texas, which involved the identical non-selection at issue in this case. The court reporter's fee for this transcript submitted in the Bill of Costs was $1,072.50. The second transcript ordered was of the Motion to Compel Hearing

---

[1] Although Plaintiff's Objections would appear premature under Rule 54(d)(1), since they have been filed, Defendant will now file its Response.

in this case, which occurred on February 11, 2004. The court reporter's fee for this transcript was $132.00.

3. Plaintiff raises no challenge to the balance of the Bill of Costs. Undersigned counsel submits that he exercised professional discretion and judgment in determining which charges to submit in the Bill of Costs. For example, Plaintiff was charged for only one copy of papers necessarily obtained for use in the case, although counsel's office was also required to make an additional three copies of papers filed – one for the Court, one for counsel's file, and one for the client-agency. This exercise of billing judgment resulted in a savings to Plaintiff of approximately $281.00. In addition, Plaintiff was not charged for miscellaneous court reporter fees actually incurred and paid by the United States Attorney's Office in the approximate amount of $160.40. *See* Attachments to Bill of Costs.

4. The only basis for Plaintiff's objection to the taxing of these transcript costs is that the transcripts allegedly were not necessary to the defense of this case because they were "not relevant to any issue in the case, and [were] not admissible as evidence in this case." Plaintiff's Objections at ¶ 2. Undersigned counsel submits that a document or a transcript need not be admissible as evidence to be considered as "necessarily obtained for use in the case." Moreover, the transcript of prior sworn testimony from relevant witnesses who testified regarding the same non-selection was certainly **potentially usable for impeachment** if this case went to trial. The two key witnesses in this case – Plaintiff, and the deciding official, Mr. Warren Meehan[2] – both testified in the ***Boyd v. Mineta*** trial. The identical non-selection was at issue – the Plaintiff

---

[2] Indeed, the testimony of Mr. Meehan comprises a full 111 pages of the 333 page transcript.

therein Ron Boyd, just like Mr. Pacheco, was another aggrieved non-selectee, who claimed that the selection of Rodney Kline was discriminatory, and that he was more qualified than Mr. Kline.  Undersigned counsel submits that if he determined **not to order this trial transcript**, he would not have fulfilled his obligation to zealously represent his client.  Surely, a diligent lawyer must review the prior sworn statements of key witnesses in the case on the same subject matter, and the review of all of the transcript was necessary to determine the relevancy of all potential witnesses and exhibits, as well as to fully understand the arguments raised regarding the non-selection.  In addition, one of the witnesses that testified at the *Boyd v. Mineta* trial (Richard Lampton) was listed on Plaintiff's Answers to Defendant's First Set of Interrogatories and Plaintiff's Initial Disclosures.  Defendant identified Mr. Ron Boyd in response to an interrogatory from Plaintiff requesting the names of all applicants for the position.[3]

5.	With regard to the transcript of the Motion to Compel Hearing, Plaintiff's claim that this transcript was not relevant to any issue in the case is flatly wrong.  The Court may recall that the issue heard in the Motion to Compel concerned primarily whether Plaintiff had exhausted his administrative remedies regarding his disparate impact claim.  This was the identical issue upon which Defendant premised its Motion to Dismiss, and upon which it ultimately prevailed before the District Court and the Fifth Circuit.  Indeed, at the time of the Motion to Compel hearing, undersigned counsel requested that the Court rule that Plaintiff had not exhausted his administrative remedies without the necessity of a dispositive motion, because the exhaustion issue had been fully briefed in the context

---

[3] Mr. Boyd's testimony comprised 97 pages of the trial transcript.

of the Motion to Compel.[4] *See* Transcript of Motion to Compel Hearing at p. 35 (excerpt attached hereto – see also docket entry no. 81). Undersigned counsel submits that reviewing a transcript of the Motion to Compel hearing was absolutely essential in helping counsel prepare for the September 2004 hearing on the Motion to Dismiss Plaintiff's disparate impact claim, because the same critical issue had been argued at the time of the Motion to Compel. Having a verbatim record of statements made by opposing counsel[5] and the Court was important in Defendant's preparation.

WHEREFORE, Defendant prays that its Bill Of Costs in the amount of $2,830.45 be taxed against the Plaintiff.

DATED: June 9, 2006

Respectfully submitted,

By: *[signature]*
ROBERT SHAW-MEADOW
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7355
Fax (210) 384-7312
Texas Bar No. 18162475

OF COUNSEL:
ERIC ANDERSON
U.S. Department of Transportation
Federal Aviation Administration
Southwest Region, Ofc of Regional Counsel
2601 Meacham Blvd.
Fort Worth, Texas 76137-4298

**ATTORNEYS FOR DEFENDANTS**

---

[4]The Court declined this invitation, anticipating an appeal to the Fifth Circuit and wanting to develop a full record. In hindsight, counsel concedes that this was the proper ruling.

[5]Although Plaintiff's counsel's statements at the time of the Motion to Compel hearing would not be admissible in evidence, as statements in open court they could constitute binding admissions. Therefore, it was prudent to order a record of these statements prior to the hearing on the Motion to Dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS** was sent via First Class U.S., certified, return receipt requested mail on this the 9th day of June, 2006, addressed as follows:

Regina Bacon Criswell
Carriage Place
P. O. Box 1399
Helotes, Texas 78023-1399

ROBERT SHAW-MEADOW
Assistant United States Attorney

```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
                    SAN ANTONIO DIVISION


CARLOS PACHECO,                  )    SA-02-CA-1087
     Plaintiff,                  )
                                 )
v.                               )    Hearing of
                                 )
NORMAN Y. MINETA, Secretary of   )
Transportation, Federal          )    February 2, 2004
Aviation Administration,         )
     Defendant.                  )
```

### BEFORE THE HONORABLE ROYAL FURGESON
*United States District Judge*
*In San Antonio, Texas*

---

**FOR THE PLAINTIFF:**          MS. REGINA BACON CRISWELL
                                *Law Office of Regina Bacon*
                                  *Criswell*
                                Carriage Place P.O. Box 1399
                                Helotes, TX 78023-1399
                                *(210) 543-8940 Tel*
                                *210/543-9489   Fax*


**FOR THE DEFENDANT:**          MR. ROBERT SHAW-MEADOW
                                U.S. Attorney's Office
                                601 N.W. Loop 410 Suite 600
                                San Antonio, TX 78216
                                *(210) 384-7355 Tel*
                                *210/384-7312   Fax*


   The above styled and numbered cause was reported by
computerized stenography and produced by computer.

```
 1  exhausted, but I don't think there's any discovery which is
 2  necessary.  It's a simple question of --
 3          THE COURT:  That's great.
 4          MR. SHAW-MEADOW:  -- it's an administrative record.
 5          THE COURT:  That's great.  If there's no discovery
 6  necessary, just --
 7          MR. SHAW-MEADOW:  Wouldn't you agree?
 8          MS. CRISWELL:  File your motion.
 9          THE COURT:  Stipulate to the administrative record
10  and stipulate to the facts before me, file your motion, file
11  your answer, and we'll go from there.
12          MR. SHAW-MEADOW:  I mean, the other thing, Your
13  Honor, is I think this -- this issue is ripe for decision
14  right now.  I mean, one of my requests --
15          THE COURT:  Well, I need a motion.
16          MR. SHAW-MEADOW:  Well, I did -- it's really tied
17  into the motion to compel.  It's been -- It's been fully
18  briefed.
19          THE COURT:  Well, I think the Fifth Circuit would
20  like to see a motion.  The last time I denied motion for leave
21  to file an amended -- the Fifth Circuit said --
22          MR. SHAW-MEADOW:  I understand.
23          THE COURT:  -- get me a dispositive motion.  Don't
24  dispose of cases on motion for leave to file.  Get me a
25  dispositive motion.
```